962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Emery L. NEWTON, Appellant,
v.
Bill ARMONTROUT; James Eberle, Major; Dave Kaplan, Policy
Coordinator; William L. Rutledge; George Adams, Captain;
Harry Lloyd, Captain; Walter Stephens, Lt.; Alvin Sanders,
Sgt.; William Weinberger, Appellees.
 No. 91-1367WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1992.
Filed: April 30, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises from the unprovoked assault of Emery L. Newton, an inmate in housing unit four (the honor dormitory) at the Jefferson County Correctional Center (JCCC), by two fellow inmates. Newton had gone to the cell of the fellow honor dormitory inmates to measure a window at their request. When Newton turned his back on the inmates to face the window, they repeatedly struck Newton in the head with a hammer, seriously injuring him. The hammer was a tool provided to inmates by the JCCC. After the assault, Newton brought this civil rights action against correctional officers and prison personnel (collectively appellees) asserting they violated his Eighth Amendment right to be free from cruel and unusual punishment. Newton asserted the appellees failed to provide adequate security in the honor dormitory and to control properly the inmates' use and possession of tools. The magistrate judge granted a directed verdict in favor of the appellees. Newton appeals and we affirm.
 
 
 2
 To prevail on his Eighth Amendment claim, Newton had to show the appellees were deliberately indifferent to his right to be free from violent attacks by other inmates. Bailey v. Wood, 909 F.2d 1197, 1199 (8th Cir. 1990). Newton could prove deliberate indifference in two ways: by showing the appellees intended to deprive him of his right or by showing the appellees acted with reckless disregard of his right. Id. Newton did not assert the appellees intended to deprive him of his right.
 
 
 3
 To establish reckless disregard, Newton had to show he was faced with a pervasive risk of harm and that the appellees failed to respond reasonably to that risk. Id. A pervasive risk of harm may not ordinarily be shown by a single incident or isolated incidents. Porm v. White, 762 F.2d 635, 637 (8th Cir. 1985). Rather, the assaulted prisoner must show the assaults occur often enough to put prisoners in reasonable fear for their safety and to apprise prison officials of the problem and the need for protective measures. Id.; Bailey, 909 F.2d at 1199.
 
 
 4
 At the close of Newton's evidence, the magistrate judge directed a verdict in the appellees' favor, finding Newton failed to show a pervasive risk of harm. On appeal, Newton contends he submitted enough evidence to send his case to the jury.
 
 
 5
 A directed verdict is warranted when " 'the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.' " Porm, 762 F.2d at 637 (quoted case omitted). In making this determination, we view the evidence, and all reasonable inferences to be drawn from the evidence, in the light most favorable to the nonmoving party. Id. Viewing the evidence and inferences in the light most favorable to Newton, we conclude the magistrate judge properly granted a directed verdict in the appellees' favor. There was simply insufficient evidence from which a reasonable jury could conclude a pervasive risk of harm existed.
 
 
 6
 Newton introduced no evidence showing he feared for his safety. Newton testified that before the assault, he was not afraid of being assaulted and had no reason to fear either of his attackers. Indeed, Newton testified he had considered one of his attackers to be a friend. Newton stated he had never requested protective custody because he had no reason to fear any honor dormitory inmate. Further, Newton introduced no evidence showing any major attacks or serious injuries occurring in the honor dormitory within eighteen months before his assault. There were no attacks involving tools used as weapons during this time. Newton did introduce evidence of minor incidents in the honor dormitory well before his attack and incidents outside the honor dormitory. This evidence, however, is insufficient to infer the appellees knew of a problem and a need for protective measures in the honor dormitory at the time of Newton's assault. Thus, a reasonable jury could not conclude a pervasive risk of harm existed in the honor dormitory when Newton was assaulted.
 
 
 7
 As the magistrate judge recognized, Newton "was the victim of a very tragic, violent, and unfortunate attack. His injuries were severe and are probably permanent. [Newton] ... failed, however, to present evidence at trial from which a reasonable jury could find that the attack resulted from the denial of constitutional ... rights." Having concluded Newton failed to present sufficient evidence to submit his Eighth Amendment claim to the jury, we need not consider his arguments concerning qualified immunity and respondeat superior. Accordingly, we affirm.